UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 4:17-CR-00139 |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| JOSHUA M. STEEVER, | : | ELECTRONICALLY FILED |
| Defendant | : | |

## SENTENCING MEMORANDUM

NOW COMES, Kyle W. Rude, Esquire, on behalf of Defendant Joshua Steever, who requests a variance from the advisory guideline range and a sentence which is sufficient but not greater than necessary to achieve the goals of sentencing.

Introduction

An Indictment was filed on April 27, 2017, charging Joshua Steever and fellow members of the Aryan Strike Force with violations of Title 18, United States Code §§371, 922(g)(1), 1952 (a)(3), Title 21, Unites States Code §846, 18 U.S.C. §1956(h), 1956 (a)(3)(B), 26 U.S. C. §5861(j), 18 U.S.C. §§924, 981(a)(1)(C) & 982(a)(1), 21 U.S.C. 853 & 28 U.S.C. §2461. On April 24, 2018, Mr. Steever pled guilty to Count 7, Conspiracy to Possess with Intent to Distribute 500 grams or more of methamphetamines.

Pursuant to a Sentencing Stipulation regarding calculation of the advisory guidelines, the parties agree that (1) the base offense level was 36 for 15 kilograms but less than 45 kilograms of methamphetamines; (2) a two-level increase is appropriate for possession of firearms; and (3) a four-level increase should be added for a leadership role involving five or more participants. The total offense level with a downward adjustment for acceptance of responsibility is 39 and the criminal history category is IV. The advisory guideline imprisonment range is 360 months to life.

<u>Variance</u>

Mr. Steever seeks a variance below the guidelines because the weight of drugs involved in the conspiracy was controlled, at all times, by the undercover officers not by Mr. Steever nor his co-defendants. Mr. Steever and his co-defendants agreed to the type of drug suggested by the undercover officers. Mr. Steever acknowledges that he was not entrapped into conspiring to distribute methamphetamines. He further acknowledges he actively participated in the conspiracy. However, he nor any of the co-defendants dictated the weight of the drugs. The undercover officers suggested the drug weight. If the undercover officers had suggested and supplied 5 kilograms but less than 15 kilograms or 1.5 kilograms but less

than 5 kilograms, Mr. Steever would have agreed to that as well. The Government, through the undercover officers, suggested the greater weights in order to create a more severe sentencing exposure for Mr. Steever.

In December 2018, Your Honor heard testimony regarding this conspiracy from Special Agent Kyle D. Moore of the Federal Bureau of Investigation at a hearing where co-defendants moved to dismiss the indictment for outrageous government conduct. During the hearing, regarding the subject of methamphetamine, Agent Moore acknowledged that the type of drug was suggested by undercover officers to Mr. Steever. Agent Moore stated that there is a history of acceptance of this drug by White Supremist groups, of which Mr. Steever was a member. Mr. Steever does not contest that he readily participated in and accepted the fact that methamphetamines would be transported as part of the conspiracy. He submits however that the Government controlled the weight of drugs involved in the conspiracy which directly affected the sentencing guideline range and mandatory penalties for Mr. Steever.

Mr. Steever submits that the Government agents suggested the weight of methamphetamines to be transported for the conspiracy because

of the sentencing guidelines and mandatory penalties. Mr. Steever would have been just as culpable if a lesser weight of methamphetamines was suggested by the undercover agents. He would not be facing an advisory guideline imprisonment range of 360 months to life.  Mr. Steever prays this Honorable Court grant a variance and sentence four levels below the advisory guideline range to reflect the Government's control of the weight of the methamphetamines.

Section 3553 (a) Sentencing Factors

Title 18 U.S.C. §3553 instructs the Court to examine several factors in fashioning a sentence that is both appropriate to the defendant and to the offense committed.

1.  Nature and Circumstances of the Offense History of the Defendant

Joshua Steever entered into an organized conspiracy to assist in the transportation of firearms and drugs with members of a white nationalist organization called Aryan Strikeforce/Combat 18. Mr. Steever was the leader of this organization but he was not the leader of the conspiracy.  The conspiracy was directed by Government agents who dictated the type and weight of drug that was being transported.

Mr. Steever has acknowledged and has accepted responsibility for

traveling with, directing and receiving proceeds from this conspiracy. He has not attempted to deflect blame onto others nor claim that the Government agents acted outrageously. He has been contrite, remorseful and sincere in taking responsibility for his actions and denouncing his former way of life.

    2.    Characteristics of the Defendant and deterrence of future criminal conduct

Mr. Steever grew up in poverty without much guidance from his parents during his formative years.  He has struggled with a speech impediment his entire life which has led to unwanted bullying by African Americans in high school.  He turned his dislike of those who bullied him into irrational hate of anyone who was not like him.  He became a racist. As stated in his pre-sentence report, he no longer believes he is a racist and cites an adoptive family member who is African American with whom he has grown close.

Unfortunately for Mr. Steever, from age 23 to 32, he accumulated a significant criminal history all related to racism, drug use and violence. Now at 40 years of age, Mr. Steever is facing a mandatory minimum of ten (10) years in prison.

3. Type of sentencing and sentencing range

As argued above, Mr. Steever's advisory guideline range sentence was controlled by the Government agents during the conspiracy. Mr. Steever has already served more than 40 months of incarceration for this offense.  He understands that further incarceration is not only appropriate in his case but warranted by the facts, his prior record, the guidelines and comparisons to other co-defendants.  Mr. Steever is requesting a sentence though that reflects the true nature of the offense, his actions, the role he played and the role the Government played. Further, Mr. Steever is requesting recommendations from the Court which will allow him to pursue educational opportunities, in a location closely situated to his mother and family around the central New Jersey area.

4. Disparity of Sentence

It is the understanding of Undersigned Counsel that the recommendations of the Government regarding sentences of co-defendants have been based on the level of culpability and the conduct of each individual as well as cooperation.  It is Mr. Steever's hope that this Honorable Court sentence him consistent with others similarly situated in this prosecution.

Conclusion

The final factor this Honorable Court must consider in fashioning a sentence most appropriate for Mr. Steever under 18 U.S.C. §3553 and the sentencing guidelines is not a specific factor, but rather the purpose of all these factors and guidelines taken together. This Court is tasked with determining a length of incarceration which is sufficient but not greater than necessary to achieve the goals of sentencing -- punishment, deterrence and rehabilitation. Mr. Steever's criminal history, his family dynamics, along with the actual facts of his crime when viewed together demonstrate that a period of incarceration is necessary. As the above-facts indicate, Mr. Steever should be punished with a sentence of incarceration below the advisory guideline range.  A sentence below the advisory guideline range would deter Mr. Steever and others from committing such a crime in the future. A sentence below the advisory guideline range would give Mr. Steever more time to rehabilitate through education and vocational programs. A sentence below the advisory guideline range would also acknowledge that Government agents controlled the drug weights which determined the severity of the advisory guideline sentencing range and the

mandatory period of incarceration.

    Respectfully submitted,

    **SCHEMERY ZICOLELLO, P.C.**

    <u>S/Kyle W. Rude</u>
    Kyle W. Rude, Esquire
    I.D. No.  69015
    Attorney for Defendant
    333 Market Street
    Williamsport, PA 17701
    Telephone:  570-321-7554
    Email: kyle@sz-law.com

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that he did electronically serve, via email, a true and correct copy of Sentencing Memorandum upon George Rocktashel, Esquire, Assistant U.S. Attorney.

Respectfully submitted,

**SCHEMERY ZICOLELLO, P.C.**

S/Kyle W. Rude
Kyle W. Rude, Esquire
I.D. No.  69015
Attorney for Defendant
333 Market Street
Williamsport, PA 17701
Telephone:  570-321-7554
Email: kyle@sz-law.com